**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| MANOLO PEREZ MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 9:26-cv-964-JDK |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

In September 2025, U.S. Immigration and Customs Enforcement detained Manolo Perez Martinez under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings. Now before the Court is Manolo Perez Martinez's habeas petition under 28 U.S.C. § 2241, which seeks immediate release or, alternatively, a bond hearing. Docket No. 1. For the reasons set forth below, the Court **DENIES** the petition.[1]

To the extent Petitioner argues that he is entitled to relief by statute, the argument is foreclosed by *Buenrostro-Mendez v. Bondi*, which held that § 1225(b)(2)(A) mandates the detention without bond of unadmitted aliens like Petitioner for the duration of their removal proceedings. 166 F.4th 494, 508 (5th Cir. 2026). Petitioner's argument under the Fifth Amendment's Due Process Clause is also foreclosed by recent precedent. *See Rodriguez v. Vergara*, 2026 WL 3181188, *14 (5th Cir. Oct. 23, 2026) (en banc) (holding that mandatory detention under

[1] A district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After a careful review of the petition, the Court determines that an answer from Respondents is unnecessary. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).

§ 1225(b)(2)(A) does not violate one's Fifth Amendment right to due process). Finally, Petitioner's additional arguments are unavailing. *See Chi v. Warden, Bluebonnet Det. Facility*, 2026 WL 1062625 (N.D. Tex. Apr. 13, 2026); *Rangel v. Thompson*, 2026 WL 3322835, at *1 (S.D. Tex. Nov. 3, 2026) (concluding "Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings," despite an immigration judge previously granting "cancellation of removal for nonpermanent residents" and DHS appealing the decision).

Accordingly, the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**. All pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **6th** day of **November, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE